USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ANTHONY GOMEZ,

              Defendant.

15-Cr-535 (SHS)
16-Cv-2931 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Anthony Gomez moves under 28 U.S.C. § 2255 to vacate his conviction for a violation of 18 U.S.C. § 924(c), which prohibits the use or possession of a firearm during a crime of violence or drug trafficking offense. In doing so, he relies on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The government opposes the request, arguing that Gomez's claim is procedurally defaulted and that Gomez's claims would, in any event, fail on the merits. Because the Court agrees that Gomez's *Davis*-based claim is unlikely to succeed on the merits, the Court denies his motion.

I. BACKGROUND

    In August 2015, Gomez and his coconspirators were indicted for crimes related to two robberies committed in the Bronx. A superseding indictment charged Gomez with five counts:

        1)    conspiracy to commit the first robbery (Count One);
        2)    attempting to commit the first robbery (Count Two);
        3)    conspiracy to commit the second robbery (Count Three);
        4)    the second robbery (Count Four); and
        5)    carrying, using and brandishing firearms during and in relation to the robberies and robbery conspiracies (Count Six).

(Indictment at 1–3, 5, ECF No. 11-1.)[1] The first four robbery-related counts were all charged under the Hobbs Act, 18 U.S.C. § 1951. (*See id.*)

    Gomez subsequently pleaded guilty to two charges in accordance with a written plea agreement: Count Three (conspiracy to commit Hobbs Act robbery) and Count Six (the section 924(c) charge). During the change-of-plea hearing, Gomez admitted that he had "participated in a robbery in the Bronx on the 27th of February." (Plea Tr. 22:14–15, ECF No. 11-2.) He also explained that, during the robbery, he stole jewelry, money, and drugs. (*Id.* at 23:2, 23:20–24.) When asked whether Gomez had "carr[ied] a weapon, a gun in

---

[1] The superseding indictment contained nine counts in total, only five of which related to Gomez.

connection with that robbery," he responded, "Yes, sir. I possessed a firearm." (*Id.* at 23:11–13.)

In January 2016, the Court sentenced Gomez to 120 months' imprisonment—sixty months for conspiracy to commit Hobbs Act robbery and sixty months to run consecutively (as required by statute) for the section 924(c) charge. (Sentencing Tr. 19:18–20.)

Gomez did not file a notice of appeal. In April 2016, however, he filed a pro se section 2255 motion to vacate his convictions. (Def.'s Motion, ECF No. 44.) The motion raised two principal claims: (1) that Gomez's conviction under the Hobbs Act was invalid because his robbery did not affect interstate commerce (*id.* at 5),[2] and (2) that his section 924(c) conviction should be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*id.* at 6–8). Soon thereafter, the Federal Defenders filed a notice of appearance on Gomez's behalf.

In April 2017, the Court set a briefing schedule on Gomez's section 2255 petition. Gomez, through his attorney, requested that the Court stay briefing until the U.S. Court of Appeals for the Second Circuit addressed the question whether section 924(c) was unconstitutionally vague, and the Court granted the stay.

In October 2019, after the Second Circuit's decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), the Court lifted the stay and ordered the government to show cause why Gomez's section 924(c) conviction should not be vacated. The motion is now fully briefed. (*See* Gov't Br., ECF No. 78; Def.'s Br., ECF No. 83; Gov't Reply, ECF No. 84.)

II. DISCUSSION

A. Legal Framework

Under 28 U.S.C. § 2255, a federal prisoner may move "to vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Generally, a motion made under section 2255 requires a hearing, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b); *see also Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). To be entitled to a hearing, the movant "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d

---

[2] This claim is foreclosed by *Taylor v. United States*, 136 S. Ct. 2074 (2016), which held that robbery involving purely intrastate drugs was sufficient for a conviction under the Hobbs Act. *Id.* at 2081. Although the Supreme Court purported to "not resolve what the Government must prove to establish Hobbs Act robbery where some other type of business or victim is targeted," *id.* at 2082, *Taylor*'s logic extends to the robbery conspiracy at issue here.

2

118, 131 (2d Cir. 2013). No hearing is required when the movant's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962).

*United States v. Davis*, 139 S. Ct. 2319—the case upon which Gomez relies here—involved 18 U.S.C. § 924(c), a statute under which, as noted, defendants can be charged for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence," in turn, is defined in two ways:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first definition—subsection (A) above—is commonly referred to as the "elements clause," while the second definition—subsection (B) above—is referred to as the "residual clause."[3]

To determine whether a federal crime falls under either definition, courts have applied the so-called "categorical approach," looking at "the intrinsic nature of the offense rather than on the circumstances of the particular crime." *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (per curiam). A crime that categorically fits under either "crime of violence" definition is sometimes referred to as a "predicate crime." *Id.* at 136.

In *Davis*, the Supreme Court held that the residual clause was unconstitutionally vague. 139 S. Ct. at 2336. The Court based its decision in substantial part on two prior cases that invalidated for vagueness nearly identically phrased statutes. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1216 (2018) (invalidating 18 U.S.C. § 16(b)); *Johnson*, 135 S. Ct. at 2558–59 (invalidating 18 U.S.C. § 924(e)(2)(B)(ii)).

But *Davis* said nothing about the validity of the elements clause of section 924(c)(3), and there is broad consensus that the elements clause is not unconstitutionally vague. Thus, a federal crime may still serve as a predicate offense under section 924(c)(3) if it falls under the definition found in the elements clause—that is, if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

---

[3] The Second Circuit has also referred to these two provisions as the "force clause" and the "risk-of-force clause," respectively. *United States v. Hill*, 890 F.3d 51, 54 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019). *But see United States v. Barrett*, 903 F.3d 166, 175 (2d Cir. 2018) (using the terms "elements definition" and "residual definition," respectively), *vacated*, 139 S. Ct. 2774 (2019).

In Hobbs Act cases—such as the one here—this distinction matters because the Second Circuit (and every circuit to consider the issue) has held that *substantive* Hobbs Act robbery qualifies as a section 924(c) predicate offense under the elements clause, because it contains "an element of use, attempted use, or threatened use of physical force." *Hill*, 890 F.3d at 54–56, 56 n.7 (quoting 18 U.S.C. § 924(c)(3)(A)). Conversely, however, the Second Circuit has also recognized that *conspiracy* to commit Hobbs Act robbery does not—it can qualify as a predicate crime only under the residual clause, which has been invalidated by *Davis*. *Barrett*, 937 F.3d at 129. Indeed, in *Davis* itself, the Supreme Court recognized that the decision below from the U.S. Court of Appeals for the Fifth Circuit rested on the premise that conspiracy "depended on the residual clause." 139 S. Ct. at 2325.

### B. Analysis

Here, Gomez argues that the only crime other than the section 924(c) count to which he pleaded guilty was conspiracy to commit Hobbs Act robbery, which can no longer qualify as a predicate offense under section 924(c)(3). Thus, he contends, his section 924(c) conviction must be vacated. (Def.'s Br. at 2–3.)

In response, the government maintains that Gomez procedurally defaulted his *Davis* claim by not raising it on direct appeal and that Gomez himself concedes this point. (Gov't Br. at 3; Gov't Reply at 1.) The government oversimplifies this issue. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). One exception to this general rule, however, is that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Although portions of Gomez's brief could be interpreted as conceding procedural default, he also appears to frame his claim as one arguing that he received constitutionally ineffective assistance from his counsel. (*See* Def.'s Br. at 4.) He notes that "[o]n the facts of this case counsel was on notice of the potential impact of *Johnson* on *the definition of* crimes of violence" and that "[t]here was no strategic reason not to raise the issue on appeal." (*Id.* at 5.) So framed, his claim would not be subject to procedural default. *See Massaro*, 538 U.S. at 509.

Alternatively, Gomez's claim could be construed as a substantive *Davis* claim, rather than an ineffective-assistance-of-counsel claim. In that case, his claim would be procedurally defaulted, and he would be required to bypass the default. *See Bousley*, 523 U.S. at 622. And because "[i]neffective assistance of counsel ... is cause for a procedural

4

default," *Carrier*, 477 U.S. at 488, Gomez could be conceding procedural default but arguing that his counsel's ineffectiveness excuses the default.

Ultimately, however, the Court need not determine how Gomez intended to articulate his claim because either framing of the claim would require that Gomez show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Fountain v. United States*, 357 F.3d 250, 254 (2d Cir. 2004). Gomez cannot make such a showing.

Gomez argues that the only crime other than the section 924(c) charge to which he pleaded guilty was conspiracy to commit Hobbs Act robbery, which is not a crime of violence under section 924(c)(3). (Def.'s Br. at 1–2.) As the Second Circuit has explained, however, "a conviction under 18 U.S.C. § 924(c) requires legally sufficient proof that the predicate crime of violence (or drug trafficking) was committed, but does not require a conviction for that predicate crime." *Johnson v. United States*, 779 F.3d 125, 126 (2d Cir. 2015). To determine what crimes for which there was legally sufficient proof, the Court must "focus[] on the conduct to which a defendant allocutes in the course of pleading guilty." *Clayton v. United States*, No. 10-CR-772, 2020 WL 1989395, at *4 (S.D.N.Y. Apr. 27, 2020); *see also Lewis v. United States*, No. 16-CR-0212, 2020 WL 3498710, at *3 (S.D.N.Y. June 29, 2020).

Here, the government argues that "by admitting to the robbery at his plea," Gomez effectively "pleaded guilty to a validly charged Section 924(c) offense even without the conspiracy predicate." (Gov't Br. at 6.) The Court agrees. As set forth above, Gomez admitted during his plea colloquy that he had "participated in a robbery in the Bronx on the 27th of February," during which he stole jewelry, money, and drugs. (Plea Tr. 22:14–15, 23:2, 23:20–24.) That admission adequately establishes that Gomez committed the predicate crime of Hobbs Act robbery.

The Second Circuit's decision in *United States v. Rivera*, 679 F. App'x 51 (2d Cir. 2017), is instructive. There, the court concluded that a defendant's section 924(c) conviction was supported by a "drug trafficking crime," even though another crime—Hobbs Act robbery—had originally served as the predicate crime. *Id.* at 55. The court noted that the defendant had admitted during his plea allocution that he was involved in a drug conspiracy, that he had agreed to commit a robbery as part of that drug conspiracy, and that a gun was used as part of that robbery. *Id.* Those admissions, the court held, were sufficient to establish that the defendant had committed a predicate crime for purposes of section 924(c). *See id.* "The plain language of § 924(c) requires only that the predicate crime ... have been committed; the defendant need not be separately charged with that predicate crime and be convicted of it, so long as there is 'legally sufficient proof that the predicate crime was, in fact, committed.'" *Id.* (quoting *Johnson*, 779 F.3d at 129–30).

Consistent with *Rivera*, courts in this district have concluded that a section 924(c) conviction can be sustained when, as here, a defendant provides legally sufficient proof for the predicate crime during his plea colloquy. *See Morgan v. United States*, No. 12 CR. 464, 2020 WL 1699995, at *2 (S.D.N.Y. Apr. 8, 2020) ("Because Petitioner's own allocution provided the factual basis for the underlying Hobbs Act robbery offense, his challenge fails."); *Lewis*, 2020 WL 3498710, at *3 ("The plea allocution . . . , when coupled with the record detailed above, . . . [provides] 'legally sufficient proof' that movant used a firearm in connection with a narcotics conspiracy."). By contrast, courts have vacated section 924(c) convictions when the defendant's admissions did not establish such a predicate crime. *See Clayton v. United States*, No. 10-cr-772, 2020 WL 1989395, at *4 (S.D.N.Y. Apr. 27, 2020); *Aquino v. United States*, No. 13-cr-536, 2020 WL 1847783, at *3 (S.D.N.Y. Apr. 13, 2020); *Camacho v. United States*, No. 13-cr-58, 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019).

Gomez's arguments to the contrary are unavailing. First, he contends that using facts admitted during his plea colloquy to uphold his section 924(c) conviction is inconsistent with the categorical approach, which considers "the intrinsic nature of the offense rather than on the circumstances of the particular crime." *Acosta*, 470 F.3d at 135. In doing so, however, Gomez conflates the questions whether a crime can serve as a predicate offense for a section 924(c) charge and whether the predicate offense has been committed at all. The latter question—whether a crime of violence has in fact been committed—*always* requires consideration of the facts of that particular case.

Gomez's second argument fares no better. Gomez contends that "the government's arguments are inconsistent with due process," since "[b]ased on the record, Gomez understood he was pleading guilty to a Hobbs Act conspiracy." (Def.'s Br. at 3.) If true, his conviction would violate Federal Rule of Criminal Procedure 11, which requires that the defendant understand the charges against him, and according to the defendant would result in an illegal constructive amendment to the indictment. (*See id.*) But the plea transcript establishes that Gomez understood that the indictment charged him with a section 924(c) count related to both robbery and robbery conspiracy. (*See* Plea Tr. 9:6–21, 11:1–12:1.) Thus, Gomez did understand the charges against him, and his indictment was not constructively amended.

In sum, because Gomez's *Davis* claim fails, he cannot show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, his ineffectiveness-assistance-of-counsel claim also fails, and he also cannot bypass procedural default for failing to raise his *Davis* claim on direct appeal.

### III. CONCLUSION

For the reasons set forth above, Gomez's section 2255 motion is denied. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court concludes that a hearing on Gomez's motion is unnecessary. 28 U.S.C. § 2255(b).

Because Gomez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see also Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). In addition, the Court certifies that any appeal from an order in this Court would not be in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445–46 (1962).

Dated:  New York, New York
        September 25, 2020

                              SO ORDERED:

                              [signature]
                              Sidney H. Stein, U.S.D.J.